UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDIA STEAMSHIP,

                    Plaintiff,

- against -

MERCATOR LINES LTD.,

                    Defendant.
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, INDIA STEAMSHIP, (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, MERCATOR LINES LTD. ("Mercator" or "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of Indian law and was at all material times the registered owner of the motor vessel "RATNA URVI" (hereinafter the "Vessel").

3. Upon information and belief, Defendant Mercator was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of India with a place of business at Mumbai, India, and was at all material times the Charterer of the Vessel.

4. By a charter party dated August 22, 2006 Plaintiff voyage chartered the Vessel to Defendant for the carriage of 90,000 metric tons crude oil from Kharag Island, Iran to New Mangalore, India.

5. Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the charter party and the Vessel successfully completed the voyage discharging her cargo on or about September 14, 2006.

6. A dispute arose between the parties regarding Mercator's failure to pay freight due and owing to Plaintiff under the charter party contract. In particular, Mercator unlawful deducted $383,585.48 from the freight due and owing to Plaintiff on the alleged basis that this was the amount of a claim concerning an unrelated contract between the parties which, in any event, is denied by Plaintiff.

7. As a result of Mercator's breach of the charter party due to its failure to pay freight, Plaintiff has sustained damages in the total principal amount of $383,585.48 exclusive of interest, arbitration costs and attorneys fees.

8. Despite due and repeated demand, Mercator has failed to pay the amount due and owing under the charter party. Attached hereto as Exhibit "1" are copies of Plaintiff's invoice(s) and demand(s) for payment by Mercator.

9. Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in India in accordance with the provisions of the Arbitration and Conciliation Act,1996 (No. 26 of 1996), or any further amendments thereof, and under the Maritime Arbitration Riles of the Indian Council of Arbitration. Plaintiff has commenced arbitration of its claim against Mercator by appointment of its own arbitrator and has also proceeded to submit its Statement of Claim dated September 17, 2007against Mercator.

10. This action is brought in order to obtain jurisdiction over Mercator and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party within Indian arbitration conducted pursuant to the provisions of the Arbitration and Conciliation Act,1996 (No. 26 of 1996). As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – Unpaid freight | $383,585.48; |
| B. | Interest on claim: | |
| | i. 37 days at 12% per annum on total freight (until part payment of freight) | $8,186; |
| | ii. 11 months at 12% per annum on unpaid freight (until Statement of Claim): | $37,959; |
| | iii. 3 years at 12% per annum (from Statement of Claim to date of estimated payment on award) | $155,324.50; |
| C. | Estimated arbitration costs: | $50,000; and |
| D. | Estimated attorneys' fees and expenses: | $75,000.00. |
| **Total:** | | **$710,054.98.** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

3

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$710,054.98** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and

that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:   Southport, CT
         October 17, 2007

                                    The Plaintiff,
                                    INDIA STEAMSHIP

                                    By: _____
                                    Kevin J. Lennon
                                    Charles E. Murphy
                                    LENNON, MURPHY & LENNON, LLC
                                    420 Lexington Avenue, Suite 300
                                    New York, NY 10170
                                    (212) 490-6050 - phone
                                    (212) 490-6070 - facsimile
                                    kjl@lenmur.com
                                    cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )  ss.:  Town of Southport
County of Fairfield  )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         October 17, 2007

_____
Kevin J. Lennon

<u>EXHIBIT "1"</u>

**From:** operations@indiasteamship.org
**Sent:** Thursday, November 30, 2006 4:22 PM
**To:** arun nanda
**Cc:** VALENTINE RUDOLF DIAS
**Subject:** Ratna Urvi Charter Party dt: 22/08/06, Bill of lading dt: 03.09.06, freight due on 14/10/06 = $6,72,975.22

Mercator Lines Ltd.

Kind Attn: Capt.Nanda / Capt. Dias

We have received the part payment of $2,26,334.70 equivalent to Rs.1,02,95,966/- of above vessel freight on 20/11/06:--

You have deducted following amount from the freight:--

| | |
|---|---|
| 1) Ratna Shalini alleged to be performed the voyage on ISS account | $3,83,585.48 |
| 2) ISS share of loss for inchartering of Onozo in laycan of 1st to 2nd Aug'06 | $ 63,055.03 |
| | $4,46,640.51 |
| Balance paid to ISS | $2,26,334.71 |

While we have no objection in Mercator retaining $63,055.03 as there is a verbal / mutual agreement. But there is no agreement that Ratna Shalini performed the voyage on account of ISS and any money is due to Mercator. The ship is under time charter to Mercator Lines and made the voyage on their accounts. The deductions made by Mercator is totally arbitrary.

The charterers are aware that no deductions can be made from the freight without the consent of the owner. In our various communications we have advised our position clearly. We therefore, request charterers to refund $3,83,585.48 forthwith failing which the owners are entitled to take appropriate steps for default in the payment of freight.

Regards,

( R. C. Pareek )
Vice President - Commercial
India Steamship
( A division of Chambal Fertilisers and Chemicals Limited )
44, Park Street, Kolkata 700016
Tel. No. 91 33 2281 3790
Fax No. 91 33 2281 5148
E.Mail: rcpareek@indiasteamship.org
         indsteam@cal2.vsnl.net.in

EXHIBIT-B



# India Steamship
(A Division of Chambal Fertilisers and Chemicals Limited)
44, PARK STREET, KOLKATA-700 016
Telephone : (91 33) 2283 1935 (4 Lines) ; Fax : (91 33) 2283 1805

Copy of Invoice

07th September' 2006

**Capt. V. Dias,**
M/s Mercator Lines Limited,
83-87, Mittal Towers, B Wing,
Nariman Point,
Mumbai-400 021

Dear Sir,

Re:- M T Ratna Urvi/MLL-C/P Dt.22.08.2006

Enclosed please find herewith our Freight Invoice No. OPRNS/MLL/URVI/2006-07 of date in duplicate for a sum of U.S. $ 672,975.22 (United States Dollars Six Hundred Seventy Two Thousand Nine Hundred Seventy Five & Cents Twenty Two Only) towards freight in respect of voyage from Kharag Island to New Mangalore.

Kindly acknowledge receipt and arrange payment on due date.

Thanking you,

Yours faithfully,
For INDIA STEAMSHIP
(A Division of Chambal Fertilisers and Chemicals Limited)

(L. N. Purohit)
Assistant Manager (Commercial)

Encl:- as above

Regd. Office : Gadepan, District Kota, Rajasthan - 325 208



## India Steamship
(A Division of Chambal Fertilisers and Chemicals Limited)
44, PARK STREET, KOLKATA-700 016
Telephone : (91 33) 2283 1935 (4 Lines) ; Fax : (91 33) 2283 1805

OPRNS/MLL/URVI/2006-07                                            07<sup>th</sup>September'2006

M/s Mercator Lines Limited
Mumbai

### FREIGHT INVOICE

### M.T. "RATNA URVI" /MLL-CP DT.22.08.2006

Voyage:-Kharag Island/New Mangalore
WSR:-USD 5.48/137.50 PCT                                          **USD**
Cargo Per B/L(s) Dated 03/09/06:-87,878 MTNS

Freight on 87,878 MTNS X USD 5.48 X 137.50 PCT                    662,160.73

**D-3**
87,878 MTNS X USD 0.22                                             19,333.16
                                                                  681,493.89
Less:- 1.25% Address Commission                                     8,518.67
                                                                  672,975.22

(United States Dollars Six Hundred Seventy Two Thousand Nine Hundred Seventy
Five & Cents Twenty Two Only)

Amount Payable by Cheque in favour of
"INDIA STEAMSHIP
(A DIVISION OF CHAMBAL FERTILIERS AND CHEMICALS LTD)"

                                                    For INDIA STEAMSHIP
                                             (A Divn. of Chambal Fertilisers and Chemicals Ltd.)

                                                        (R. C. Pareek)
                                                    Vice President (Commercial)

                                                           E & O E

---

Regd. Office : Gadepan, District Kota, Rajasthan - 325 208